IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN


Milo and Lois Kentera

                Plaintiffs,

vs.

United States of America,

                Defendant,

CASE NO. 2:16-cv-01020

Complaint For Declaratory Judgment

Plaintiffs, Milo and Lois Kentera, by and through their counsel, Anthony Diosdi, file their Complaint for Declaratory Judgment ("Complaint") against Defendant, the United States of America. In support thereof, plaintiffs allege the following:

**NATURE OF THE ACTION**

1. This is an action brought by plaintiffs for declaratory judgment, wherein plaintiffs are disputing non-willful civil penalty assessments for failure to file Form TD 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), required by 31 U.S.C. §5314 and regulations promulgated thereunder.

2. Defendant assessed significant non-willful FBAR civil penalties under 31 U.S.C. § 5321(a)(5), in disregard of plaintiffs' reasonable cause defense, under 31 USC § 5321(a)(5)(B)(ii).

3. Plaintiffs seek declaratory judgment holding the non-willful FBAR civil penalties assessment, null and void, based on violation of the Due Process Clause of the Fifth Amendment of the Constitution, and the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.*

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the following statutes:

   a.  28 U.S.C. § 1331 which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b.  5 U.S.C. § 704 which provides for judicial review of agency decisions.

   c.  28 U.S.C §§ 2201-2202 which provides the district courts with authority to provide declaratory relief under the Declaratory Judgment Act.

5. Venue is appropriate under 28 U.S.C. §1391(e).   Defendant is the United States, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, specifically Milwaukee Wisconsin.

## PARTIES

6. Plaintiff, Milo Kentera, ("Plaintiff-husband") social security number xxx-xx-6839, is a citizen of the United States of America. Plaintiff -husband's current mailing address is:  1902 University Avenue, San Jose CA 95126.

-2-

7. Plaintiff, Lois Kentera, ("Plaintiff-wife") social security number xxx-xx-5130, is a citizen of the United States of America. Plaintiff-wife's current address is: 1902 University Avenue, San Jose CA 95126.

8. The Defendant is the United States of America.

## GENERAL ALLEGATIONS

9. The Bank Secrecy Act ("BSA") at 31 U.S.C. § 5311 *et seq.*, and the implementing regulations thereunder, requires U.S. residents and citizens ("U.S. citizens") to keep records and file reports when the U.S. citizen "makes a transaction or maintains a relation with a foreign financial agency." 31 U.S.C. § 5314 (a).

10. For the tax years at issue, such reports must be filed with the Internal Revenue Service on Form TD F 90-22.1, Report of Financial Bank and Financial Accounts ("FBAR"). The FBAR must be filed on or before June 30 of the year following the calendar year for which the report is made. 31 C.F.R. § 1010.306(c), 31 C.F.R. § 103.27(c), (d), (e).

11. Section 5321 (a)(5) of Title 31 provides for the imposition of civil penalties against an individual who, either willfully or non-willfully, fails to comply with the reporting requirements of 31 U.S.C.§ 5314.

12. For non-willful violations, the penalty cannot exceed $10,000. 31 U.S.C. § 5321 (5)(B)(i).

Foreign Bank Account ("BCGE")

13. Plaintiff-husband was a pharmacist during the tax years at issue.

14. Plaintiff-wife was a homemaker during the tax years at issue.

15. On or about May 1984, plaintiff-husband inherited money located in a foreign bank account with Banque Cantonale de Geneve ("BCGE"), from his father.

16. Upon plaintiff-husband's father's death in 1984, the BCGE account was automatically transferred to plaintiff-husband.

17. Plaintiff-wife's name was added to the BCGE account shortly thereafter.

18. In 2003 and 2004, the BCGE balance was less than $10,000. In 2005 and 2006, the year-end balance in the account was $10,945 and $23,766, respectively.

19. In 2007, the balance increased due to sale of plaintiff-husband's parents' property in Montenegro ("Montenegro Property"). The sales proceeds of $628,648 from the sale of the Montenegro Property were deposited into plaintiffs' BCGE account; $185,768 was disbursed to plaintiff-husband's brother and $185,768, to plaintiff-husband's sister.

20. In 2008, 2009 and 2010, the year end balance in the BCGE account was $263,303, $270,069 and $360,367, respectively.

Plaintiffs Reasonably Relied On the Certified Public Accountant That They Retained to Prepare Their Tax Returns

21. Plaintiffs consistently disclosed the BCGE account on their federal income tax returns, every year, since 1984, when plaintiff husband inherited the BCGE account from his father.

22. Plaintiffs are not trained in tax or accounting, and relied on their accountants for tax advice and for the preparation of their tax returns.

23. Plaintiffs retained James Babcock, a Certified Public Accountant ("CPA"), to prepare their original federal income tax return for tax year 2006 (one of the tax years at issue).

24. Mr. Babcock prepared plaintiffs' tax returns from approximately 1996 – 2006.

25. Each year, plaintiffs completed a tax organizer for Mr. Babcock, disclosing that they had an interest in the BCGE foreign account.

26. Plaintiffs disclosed on Schedule B of their 2006 federal income tax return that they had an interest in a foreign account in Switzerland, and checked "yes" with respect to the question on 7a Part III – Foreign Accounts and Trusts, which states "At any time during [tax year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?"

27. James Babcock, CPA, did not prepare or file an FBAR for plaintiffs' 2006 federal income tax return.

28. James Babcock, CPA, failed to advise plaintiffs of the requirement to file an FBAR for the 2006 calendar year.

29. Plaintiffs retained the services of Bruce R. Spencer, CPA, to prepare their original federal income tax returns for tax years 2007, 2008, and 2009.

30. Plaintiffs provided Bruce Spencer, CPA with copies of their prior years' federal income tax returns. Schedule B of plaintiffs' prior years' tax returns disclosed the foreign account.

31. Bruce R. Spencer, CPA was aware that plaintiffs had an interest in a foreign bank account at the time that he prepared plaintiffs' 2007, 2008 and 2009 original federal income tax returns.

32. Plaintiffs' 2007, 2008 and 2009 federal income tax returns were checked "yes" with respect to the question on 7a Part III – Foreign Accounts and Trusts, which states "At any time during [tax year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?"

33. Plaintiffs' CPA, Bruce R. Spencer, did not inquire whether plaintiffs had any Schedule B (foreign) income to be report on their original tax year 2007, 2008 and 2009 federal income tax returns.

34. Plaintiffs' CPA, Bruce R. Spencer, failed to include foreign interest income on Schedule B of plaintiff's original 2008 and 2009 federal income tax returns (no Schedule B interest income was earned in 2007).

35. Plaintiffs' CPA, Bruce R. Spencer, did not prepare or file FBAR's for plaintiffs' federal tax years 2007, 2008 and 2009.

36. Plaintiffs' CPA, Bruce R. Spencer, failed to advise plaintiffs of the requirement to file FBAR's for tax years 2007, 2008, and 2009.

37. Plaintiffs' 2010 original federal income tax return, prepared by Mary Anne Payne, CPA, included Schedule B interest income from the BCGE account.

Offshore Voluntary Disclosure Initiative ("OVDI")

38. In February of 2011, the IRS announced a federal amnesty program for taxpayers with foreign bank accounts (the 2011 Offshore Voluntary Disclosure Initiative "OVDI"). To participate in the OVDI, participants were required to amend their tax returns and file FBARs for the 2003 through 2010 tax years. Taxpayers who enrolled in the OVDI were required to pay all delinquent taxes, interest, and penalties. Under the OVDI, taxpayers were subject to a 25 percent penalty on the highest aggregate account balance on their previously undisclosed accounts between the 2003 through 2010 tax years.

39. On or before August 2011, plaintiffs heard a radio advertisement about the OVDI and contacted Moskowitz, LLP for a consultation.

40. On or about September 2011, and after receiving pre-clearance from the IRS, plaintiffs applied to the OVDI program.

41. As part of the OVDI, plaintiffs amended their federal income tax returns for calendar years 2006 through 2010, to include omitted Schedule B interest income of $20 (2008) and $389 (2009), and to reflect other relevant changes.

42. As required by the OVDI program, plaintiffs also submitted completed FBARs for calendar years 2005 through 2010 (plaintiffs did not have an FBAR filing requirement for 2003 and 2004).

43. On August 2013, the IRS provided Plaintiffs with a Form 906, *Closing Agreement on Final Determination Covering Specific Matters.* The Closing Agreement provided in relevant part that the plaintiffs would be liable under Title 26 of the United States Code for a miscellaneous penalty in the amount of $90,092.

44. On or about September 2013, plaintiffs withdrew from the OVDI program.

Plaintiffs Fully Exhausted Their Administrative Remedies

45. After plaintiffs withdrew from the OVDI, Kimberly Nguyen, of the IRS' Milwaukee, Wisconsin office, recommended that plaintiff-wife and plaintiff-husband be assessed the non-willful FBAR penalty under 31 U.S.C. § 5321 (a)(5) as follows:

a. Plaintiff-wife - $500 for calendar year 2006; and $2,500 per year for calendar years 2007, 2008, 2009 and 2010, for a total of $10,500.00;

b. Plaintiff-husband - $500 for calendar year 2006; and $10,000 per year for calendar years 2007, 2008, 2009 and 2010, for a total of $40,500.00.

46. On September 17, 2014, defendant mailed plaintiff-wife a letter identified as "Letter 3709" advising her that the IRS was proposing assessing her non-willful penalties under U.S.C. § 5321 (a)(5), for failure to file Form TDF 90-22.1, (FBAR's) in the amount of $500 for calendar year 2006; and $2,500 per year for calendar years 2007, 2008, 2009 and 2010, for a total of

$10,500.00.   A true and correct copy of Letter 3709 to plaintiff-wife dated September 17, 2014, is hereto attached as **Exhibit A.**

47. On September 17, 2014, defendant mailed plaintiff-husband a separate letter (Letter 3709) advising him that the IRS was proposing assessment of the non-willful penalties under U.S.C. § 5321 (a)(5), for failure to file Form TDF 90-22.1, (FBAR's) in the amount of $500 for calendar year 2006; and $10,000 per year for calendar years 2007, 2008, 2009 and 2010, for a total of $40,500.00.   A true and correct copy of Letter 3709 to plaintiff-husband dated September 17, 2014, is hereto attached as **Exhibit B**.

48. On or about December 14, 2014, plaintiffs' counsel, Anthony Diosdi, mailed a letter to IRS Revenue Agent Kimberly Nguyen, protesting the IRS' proposed assessment of the non-willful FBAR penalties against plaintiff-husband for calendar years 2006 ($500); 2007 ($10,000); 2008 ($10,000); 2009 ($10,000) and 2010 ($10,000).

49. Plaintiffs' counsel verbally informed Kimberly Nguyen that plaintiff-wife was also protesting the proposed assessment of the non-willful FBAR penalties against her for calendar years 2006 ($500); and $2,500 per year for calendar years 2007, 2008, 2009 and 2010, for a total of $10,500.

50. Plaintiffs' counsel subsequently had a conference with Revenue Agent Kimberly Nguyen regarding plaintiffs' protest of the IRS' proposed assessment of the non-willful FBAR penalties under 31 U.S.C. § 5321 (a)(5).

51. By letter dated April 29, 2015 (Letter 3708), defendant mailed plaintiff-wife a letter of "Appeals Determination" ("Appeals Letter"), upholding the IRS' assessment against plaintiff-wife for the Title 31 civil penalty under 31 U.S.C. § 5321 (a)(5) in the following amounts: $500 (calendar year 2006); $2,500 (calendar year 2007); $2,500 (calendar year 2008); $2,500 (calendar year

2009) and $2,500 (calendar year 2010).    A true and correct copy of the Appeals Letter to plaintiff-wife dated April 29, 2015 is hereto attached as **Exhibit C.**

52. By letter dated April 22, 2015 (Letter 3708), defendant mailed plaintiff-husband a separate letter of "Appeals Determination" ("Appeals Letter"), upholding the IRS' assessment against plaintiff-husband for the Title 31 civil penalty under 31 U.S.C. § 5321 (a)(5) in the following amounts: $500 (calendar year 2006); $10,000 (calendar year 2007); $10,000 (calendar year 2008); $10,000 (calendar year 2009) and $10,000 (calendar year 2010).    A true and correct copy of the Appeals Letter to plaintiff-husband dated April 22, 2015 is hereto attached as **Exhibit D.**

53. Plaintiffs have fully exhausted their administrative remedies.

## COUNT I

### DISREGARD OF PLAINTIFFS' REASONABLE CAUSE DEFENSE VIOLATED THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES

54. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

55. The Due Process Clause of the Fifth Amendment of the United States Constitution provides for safeguards against the denial of life, liberty or property by the Government, outside the sanction of law.  U.S. Const. amend. V, § 1.

56. The Bank Secrecy Act permits the assessment of penalties for violation of the reporting requirements in 31 U.S.C. § 5314, but mandates that "[n]o penalty shall be imposed if "such violation was due to reasonable cause," 31 U.S.C. § 5321(a)(5)(B)(ii)(I), and "the amount of the transaction or balance in the account at the time of the transaction was property reported."  31 U.S.C. § 5321(a)(5)(B)(ii)(II).

57. Reasonable cause is a defense to liability for the FBAR penalty.  31 U.S.C. § 5321(a)(5)(B)(i).

58. Plaintiffs' failure to file FBAR's for tax years 2006 through 2010 was due to reasonable cause and not willful neglect.

59. Defendant violated plaintiffs' due process rights by disregarding their reasonable cause defense to the FBAR penalty and assessing non-willful FBAR penalties under 31 U.S.C. §5321 (a)(5)(A) against plaintiffs for calendar years 2006, 2007, 2008, 2009 and 2010.

60. As a direct and proximate result of defendant's actions, plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

## COUNT II

## JUDICIAL REVIEW OF AGENCY ACTION UNDER APA

61. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

62. The APA, 5 U.S.C. §§ 701 – 706 provide for judicial review when parties are adversely affected by agency action within the meaning of a relevant statute.

63. Title 31, Section 5321 (b)(5) vests the Secretary of Treasury with authority to assess the FBAR penalties.

64. The Secretary of Treasury's authority to assess the civil FBAR penalties pursuant to 31 U.S.C. § 5321 has been delegated to the Internal Revenue Service ("IRS") under 31 C.F.R. 103.56.

65. Plaintiffs' failure to file FBAR's for tax years 2006 through 2010 was due to reasonable cause and not willful neglect.

66. Plaintiffs were adversely affected by IRS' action of assessing non-willful FBAR penalties pursuant to 31 U.S.C. § 5321 (a)(5).

67. The IRS' determination that plaintiffs were liable for the non-willful FBAR penalties under 31 U.S.C. §5321 (a)(5) was unreasonable, arbitrary and capricious, and an abuse of discretion.

68. The IRS' determination that plaintiff -husband was liable for non-willful FBAR penalties under 31 U.S.C. §5321 (a)(5) in the amount of $500 for calendar year 2006; $10,000 for calendar year 2007; $10,000 for calendar year 2008; $10,000 for calendar year 2009; and $10,000 for calendar year 2010; in the total amount of $40,500, was unreasonable, arbitrary and capricious, and an abuse of discretion.

69. The IRS' determination that plaintiff wife was liable for non-willful FBAR penalties in the amount of $500 for calendar year 2006; and $2,500 per year for calendar year 2007; $2,500 per year for calendar year 2008, $2,500 per year for calendar year 2009 and $2,500 per year for calendar year 2010, in the total amount of $10,500.00, was arbitrary, capricious and an abuse of discretion.

70. Plaintiffs have been adversely affected as a direct and proximate result of defendant's arbitrary and capricious actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.     A declaratory judgment that:

    i.     Defendant violated plaintiff-husband's Fifth Amendment due process rights in disregarding plaintiff's reasonable cause defense and assessing non-willful penalties under 31 U.S.C.§ 5321(a)(5) against plaintiff-husband for calendar years 2006, 2007, 2008, 2009 and 2010;

    ii.     Defendant violated plaintiff-wife's Fifth Amendment due process rights in disregarding plaintiff's reasonable cause defense and assessing non-willful penalties under 31 U.S.C.§ 5321(a)(5) against plaintiff-wife for calendar years 2006, 2007, 2008, 2009 and 2010;

    iii.     Defendant abused its discretion in assessing non-willful penalties under 31 U.S.C. § 5321(a)(5) against plaintiff-husband for tax years 2006, 2007, 2008, 2009 and 2010;

iv.     Defendant abused its discretion in assessing non-willful penalties under 31 U.S.C. § 5321(a)(5) against plaintiff-wife for tax years 2006, 2007, 2008, 2009 and 2010;

v.      The non-willful FBAR penalties assessed plaintiff-husband pursuant to 31 U.S.C § 5321(a)(5), are null and void;

vi.     Plaintiff-husband is not liable for assessed non-willful FBAR penalties for tax years 2006 ($500), 2007 ($10,000), 2008 ($10,000), and 2009 ($10,000) and 2010 ($10,000), total amount $40,500;

vii.    The non-willful FBAR penalties assessed plaintiff-wife pursuant to 31 U.S.C. § 5321(a)(5), are null and void;

viii.   Plaintiff-wife is not liable for non-willful FBAR penalties for the calendar years 2006 ($500), 2007 ($2,500), 2008 ($2,500), 2009 ($2,500) and 2010 ($2,500), total amount: $10,500.

B.      An award of attorney's fees and costs to plaintiffs, to the extent allowed by law;

C.      Such further and other relief the Court may deem just and proper.

Dated August 3, 2016

/s/ Anthony Diosdi
Anthony Diosdi
Moskowitz, LLP
180 Montgomery Street, #1950
San Francisco, CA 94104
Tel: 415.394.7200
Fax: 451.398.6501

Attorney for Plaintiffs

# EXHIBIT A

**Department of the Treasury**
Internal Revenue Service
**211 W Wisconsin Ave, Mail Stop 1210**
Milwaukee WI  53203-2221

Date:
   September 17, 2014
Account Holder SSN / EIN:

Form:
   T D F 90-22.1
Tax Period(s) Ended:
   2006, 2007, 2008, 2009, 2010

Lois Kentera
1902 University Ave
San Jose, CA  95126-1550

Person to Contact:
   Kimberly Nguyen

Contact Telephone Number:
   414-231-2770
Contact Fax Number:
   414-231-2248
Employee Identification Number:
   1000889702
Refer Reply To:
   Group 1210 MIL
Last Date to Respond to this Letter:
   September 16, 2014

Dear Lois Kentera:

## Why We Are Sending You This Letter

We are proposing a penalty for violating the reporting or record keeping requirements relating to accounts you maintain with financial institutions overseas. Below are paragraphs describing related penalties. We have check-marked the box along side the paragraph(s) describing the penalty that applies to you. Please review this proposed assessment and let us know whether or not you agree by following directions provided toward the end of this letter.

## Proposed Assessment (See the checked box.)

☒ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the filing requirements of 31 U.S.C. § 5314. For each calendar year, any U.S. person having one or more foreign accounts with maximum balances aggregating over $10,000 is required to file Form TDF 90-22.1, *Report of Foreign Bank and Financial Accounts* with the Internal Revenue Service by June 30th of the following year.

☒ For the failure to file TDF 90-22.1 due on or after June 30, 2005, the penalty cannot exceed $10,000.

☐ For the willful failure to file TDF 90-22.1 due on or after June 30, 2005, the penalty cannot exceed the greater of 1.) $100,000 or 2.) 50% of the amount of the transaction (in such case as a violation involving a transaction) or the balance in the account (in such case as a violation involving a failure to report the existence of an account or a failure to provide identifying information with respect to an account).

☐ For the willful failure to file TDF 90-22.1 due on or before June 30, 2004, the penalty cannot exceed the greater of an amount (not to exceed $100,000) equal to the balance in the account or $25,000.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the record keeping requirements under 31 U.S.C. § 5314. For any calendar year, any U.S. person having one or more foreign accounts with maximum balances aggregating over $10,000 is required to keep certain records identifying the foreign financial agencies and their maximum value during the year.

    ☐ For failure to meet the record keeping requirement occurring after October 22, 2004, the penalty cannot exceed $10,000.

    ☐ 1. For willful failure to meet the record keeping requirement occurring after October 22, 2004, the penalty cannot exceed the greater of 1.) $100,000 or 2.) 50% of the amount of the transaction (in such case as a violation involving a transaction) or the balance in the account (in such case as a violation involving a failure to report the existence of an account or a failure to provide identifying information with respect to an account).

    ☐ 2. For willful failure to meet the record keeping requirement occurring before October 23, 2004, the penalty cannot exceed the greater of an amount (not to exceed $100,000) equal to the balance in the account or $25,000.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(A) for negligently failing to meet the filing requirements for financial institutions or non-financial trades or businesses under 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350 (formerly 31 C.F.R. § 103.24). The penalty cannot exceed $500.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(A) for negligently failing to meet the record keeping requirements for financial institutions or non-financial trades or businesses under 31 U.S.C. § 5314 and 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32). The penalty cannot exceed $500.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(B) for a pattern of negligent violations of any provision of 31 U.S.C. § § 5311-5332 and the regulations thereunder. The penalty will be in addition to any penalties imposed under 31 U.S.C. § 5321 (a)(6)(A) but cannot exceed $50,000.

## What To Do If You Agree

If you agree to the assessment and collection of the proposed penalty or penalties, please sign, date, and return one copy of the enclosed Form 13449, *Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6)*, in the envelope provided. Make your check or money order payable to the United States Treasury for the amount indicated on the agreement form. If you agree but cannot pay in full, pay what you can within 30 days from receipt of this notice and we will send you a bill for the remaining amount with information on your payment options.

## What To Do If You Disagree

If you do not agree to the assessment and collection of the proposed penalty or penalties, you can request a conference with our Appeals Office. To do so, forward a written protest in duplicate before the designated response date, which is listed in the header of this letter, and mail it to the revenue agent indicated above. Include the following:

1. A request for conference;

2. Your name, address, and daytime telephone number;

3. Your social security number or employer identification number;

4. The date and number of this letter;

5. The calendar years involved;

6. The penalties that you contest;

7. An explanation of why you contest those penalties;

8. All information pertinent to your position;

9. A statement of law or other authority that you relied on, and how that law or other authority applies to your case; and

10. The following signed statement: "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true and complete." A representative who submits a protest should substitute for this declaration a statement that he or she prepared the protest and accompanying documents, and knows personally that the statement of facts contained in the protest and the documents are true and correct.

## What Will Happen If You Do Nothing
If you do not take any action by the response date noted above, we will assess the penalty and begin collection procedures.

If you have any questions, please contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely yours,

Erik Anderson
Group Manager

Enclosures:
Copy of this letter
Form 13449
Envelope

| Taxpayer Name: | Lois Kentera | | Examiner: | Kimberly Nguyen |
| TIN: | | | | |
| Tax Form: | TD F90-22.1 | | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

| Tax Period | Previously Assessed | Per Exam | Adjustment | Reference |
|---|---|---|---|---|
| 200612 | | $500 | $500 | |
| 200712 | | $2,500 | $2,500 | |
| 200812 | | $2,500 | $2,500 | |
| 200912 | | $2,500 | $2,500 | |
| 201012 | | $2,500 | $2,500 | |

**Conclusion:** *(Reflects the final determination on the issue.)*

Based on the facts and arguments documented below, IRS Counsel determined that non-willful FBAR penalties under 31 U.S.C. §5321 (a)(5)(A) & (B) would be assessed against Mrs. Lois Kentera for the years 2006 through 2010, $500 for 2006, $2,500 for 2007, $2,500 for 2008, $2,500 for 2009, and $2,500 for 2010, Total $10,500. Level 2 and 3 Mitigation rules were applied.

Based on the facts and circumstances, the mitigated penalty has been further reduced to the amounts above. Mrs. Kentera was not as involved as Mr. Kentera regarding the income tax preparation or making decisions about the foreign account. The BCGE account is filed as jointly owned.

**Facts:** *(Document the relevant facts)*

1. An interview was conducted on February 5, 2014 with Mr. Milo Kentera and his Representative, Mr. Anthony Diosdi.

2. Mr. Milo Kentera was born in Globe, Arizona in 1936, a U.S. citizen. Mr. Kentera graduated with Bachelor of Science in Pharmacy in 1960 at University of Arizona. Mr. Kentera is a pharmacist, currently works part time for Safeway Pharmacy.

3. Mrs. Lois Kentera was born in Miami, Arizona in 1936, a U.S. citizen. Mrs. Kentera is a homemaker.

4. Mrs. Kentera has ownership in an account at BCGE (Banque Cantonale de Geneve). The account was inherited from Mr. Kentera's father. The ownership of the account transferred to Mr. Kentera in the 1990s when his parents deceased.

5. The balance in the account in 2003 and 2004 were below $10,000, therefore Mr. Kentera did not have a FBAR filing requirement in those years. In 2007, the balance increased due to sale of property in Montenegro. Mr. Kentera's parents had property in Montenegro and his cousin sold the property in 2007. Twelve family members involved in the sale of the property and each received a portion of the sale proceeds. Mr. Kentera deposited $628,648 and disbursed $185,768 to his sister and $185,768 to his brother in 2007. Mr. Kentera received statements on a yearly basis, and held mining stocks for a long period of time.

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 17 of 44   Document 1

| Taxpayer Name: | Lois Kentera | Examiner: | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

6. The year end balances in the accounts above each year converted to U.S. dollars are as follows:

| Year | Balance |
|---|---|
| 2003 | $7,034 |
| 2004 | $9,460 |
| 2005 | $10,926 |
| 2006 | $23,766 |
| 2007 | $274,590 |
| 2008 | $263,303 |
| 2009 | $270,069 |
| 2010 | $360,367 |

The bank statements provided are year-end statements which included Summary and Performance Analysis pages to determine deposits, withdrawals, net income, and changes in valuations. Account History Statements were not provided to determine the Highest Aggregate Balance.

7. Taxpayer had adjustments to taxable income during 2006 through 2010 as follows:

| Item/Issue | 2006 | 2007 | 2008 | 2009 | 2010 |
|---|---|---|---|---|---|
| Interest Income | $0 | $0 | $20 | $389 | $0 |
| Section 988-Gain on Currency Exchange | $0 | $0 | $12,727 | $0 | $0 |

A recap of income tax liability for each year is as follows:

| Year | Additional Tax Per RAR |
|---|---|
| 2006 | $0 |
| 2007 | $0 |
| 2008 | $2,825 |
| 2009 | $60 |
| 2010 | $96 |

8. For the years 2006 and 2007, no income was earned on the account. In 2010, the income was reported on the originally filed return. The tax in 2010 of $96 is due to reversal of foreign tax credit claimed on their originally filed return due to Tax Treaty with Switzerland.

9. Mr. James Babcock, CPA has prepared the original Income Tax Returns for tax years 2003 through 2006 and he reflected on Schedule B that the Taxpayers had foreign accounts in Switzerland/Austria. The box was checked "Yes" with respect to the question on 7a Part III —

| Taxpayer Name: | Lois Kentera | Examiner: | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

Foreign Accounts and Trusts. Mr. Kentera had filled out an organizer and indicated that he had ownership in a foreign account. No income was earned from the BCGE account to be reported on the 2003 through 2006 tax returns. The Form TD F90-22.1 was not part of the income tax software back then, so Taxpayer would have been responsible for filing the TD F90-22.1 themselves.

10. Mr. Bruce R Spencer, CPA has prepared the original Income Tax Returns for tax years 2007 through 2009 and he reflected on Schedule B that the Taxpayers had foreign accounts in Switzerland. The box was checked "Yes" with respect to the question on 7a Part III – Foreign Accounts and Trusts. Per phone contact with Mr. Spencer on March 6, 2014, Mr. Spencer knew about the foreign account in Switzerland from the previous filed returns. As a new client in 2007, Mr. Spencer requests copies of previous filed returns. Mr. Bruce Spencer is well aware of FBAR filings and has filed FBARs for his other clients. Mr. Spencer informs all his clients verbally every year about their FBAR filing requirements, "whether you have one dollar or 10 million dollars in a foreign account". His standard procedure is to inform his clients that if you have a foreign account or have signature authority on a foreign account that you need to file FBARs. Mr. Spencer advises his clients that he can file FBARs for them or you can do that yourself. Mr. Spencer did not file FBARs for Mr. Kentera. Mr. Spencer believed that the account was under $10,000 and that Mr. Kentera didn't have to file. No bank statements were provided to Mr. Spencer to verify if the accounts were under $10,000. The preparer did not inquire as to whether there was any income to be reported on the original tax returns.

11. Mr. Kentera heard about the OVDI program on the radio, where his representative Moskowitz LLP advertised if you have a foreign bank account and not disclosed on the U.S. tax returns; IRS is offering a voluntary disclosure program. Mr. Kentera did not know if he was obligated or not so, he made an appointment with Moskowitz LLP and Moskowitz LLP suggested making the voluntary disclosure. Offshore Voluntary Disclosure submission on August 15, 2011.

12. The 2011 Form TD F90-22.1 was timely filed on 06/25/2012 and 2012 Form TD F90-22.1 was timely filed on 06/11/2013.

13. As appropriate with the requirement of cooperation in the Offshore Voluntary Disclosure Program, the taxpayer has signed a Consent to extend the time to assess civil penalties provided by 31 U.S.C. §5321 for FBAR violations, to include the calendar years 2006, 2007, and 2008 for a financial account that was maintained with a financial institution located in a foreign country, on or before December 31, 2015.

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 19 of 44   Document 1

| Taxpayer Name: | Lois Kentera | Examiner: | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

**Law:** *(Tax Law, Regulations, court cases, and other authorities. If Unagreed, Include Argument.)*

31 U.S.C. §§ 5314; 5321(a)(5)(A) & (B); 5321(a)(5)(C) & (D); 5321(a)(6); 5321(b)(1)

Specific citations:

*31 U.S.C. § 5314 (a)*– Requires that certain U.S. entities must file FBARs, as follows:

*... the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in the United States, to keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes;*

*(1) the identity and address of participants in a transaction or relationship*

*(2) the legal capacity in which a participant is acting*

*(3) the identity of real parties in interest.*

*(4) a description of the transaction.*

**Argument:**

Based on the facts outlined above, the Government believes non-willful penalties apply for 2006 through 2010.

A U.S. person that has financial interest in, or signature authority over, foreign financial accounts in which the aggregate value exceeds $10,000 at any time during the calendar year is required to file an FBAR by June 30 the year following the calendar year being reported (31 CFR 1010.350), Mrs. Lois Kentera is a U.S. citizen. Mrs. Kentera has financial interest in a foreign account located in Switzerland during 2006 through 2010. And the aggregate value of the accounts exceeded $10,000 in each of the years 2006 through 2010. Thus, Mrs. Kentera has FBAR filing requirements in 2006 through 2010. Mrs. Kentera did not file FBARs for 2006 through 2010. The maximum non-willful FBAR penalty that may be assessed is $50,000 for 2006 through 2010.

A reasonable cause statement was not provided for Mrs. Kentera.

Given the facts and circumstances, reasonable cause would not be appropriate since Mrs. Lois Kentera did not act in good faith in regards to her FBAR filing obligations as follows:

- Mrs. Kentera failed to inform her tax preparer regarding the balances of the accounts she had in Switzerland or seek advice to determine if the earnings are taxable for U.S. purposes. Mrs. Kentera did not provide bank statements to her tax preparer for her to make a determination if there is a FBAR filing requirement and to determine if the earnings on the

| Taxpayer Name: | Lois Kentera | Examiner: | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

statements are a reportable transaction for U.S. tax purposes.

- Mrs. Kentera failed to properly review her returns to verify the existence of any foreign accounts as questioned on Schedule B – Interest and Ordinary Dividends and to follow through on the instructions on filing requirements for Form TD F90-22.1. On tax years, 2006 through 2009, Mrs. Kentera filed a Schedule B with the original Form 1040. At the bottom of Schedule B Part III, Question 7a asks "At any time during xxxx year, did you have an interest in or a signature authority over a financial account in a foreign country." The box was checked "Yes" with respect to question 7a, interest in foreign accounts. It also states "See page B-2 for exceptions and filing requirements for Form TD F90-22.1." Mrs. Kentera did not due her due diligence to review and determine what those filing requirements are for filing Form TD F90-22.1.

- Mrs. Kentera used an accountant to file 2003-2010 US Income Tax Returns. Mrs. Kentera signed the 2003 – 2010 federal tax returns, thereby declaring under penalty of perjury that she had "examined these returns and accompanying schedules and statements" and that to the best of her knowledge, the returns were "true, accurate, and complete." "A taxpayer who signs a tax return will not be heard to claim innocence for not having actually read the return, as he or she is charged with constructive knowledge of its contents." Greer v. Commissioner of Internal Revenue, 595 F.3d 338, 347 n. 4 (6th Cir. 2010); United States v. Doherty, 233 F.3d 1275, 1282 n.10 (11th Cir. 2000) (same). Mrs. Kentera's signature is prima facie evidence that she knew the contents of the return, United States v. Mohney, 949 F.2d 1397, 1407 (6th Cir. 1991), and at a minimum, Schedule B, line 7a's directions to "[see instructions for exceptions and filing requirements for Form TD F 90-22.1" put Mrs. Kentera on inquiry notice of the FBAR Requirement.

In computing the non-willful penalties, the Revenue Agent allowed a penalty at less than the statutory penalty amount stated in 31 CFR 5321(a)(5)(B)(i) for the 2006 year because the taxpayer meets the mitigation threshold conditions. The computation is attached.

**Taxpayer Position:** *(If applicable)*



Case 2:16-cv-01020-JPS Filed 08/03/16 Page 21 of 44 Document 1

**Non-Willful and Reasonable Cause Penalty Calculation - Mitigation**
Taxpayer Name: Mrs. Lois Kentera



**2006**
Statute: 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | | 500 | - | - | Individual | 500 |
| | | | - | - | Individual | - |
| | | | - | - | | - |
| | $ 23,766 | $ 500 | $ - | $ - | | $ 500 |

**2007**
Statute: 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 654,203 | - | - | 10,000 | Individual | 2,500 |
| | | | - | - | Individual | - |
| | | | - | - | | - |
| | $ 654,203 | $ - | $ - | $ 10,000 | | $ 2,500 |

**2008**
Statute: 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 283,303 | - | - | 10,000 | Individual | 2,500 |
| | | | - | - | Individual | - |
| | | | - | - | | - |
| | $ 283,303 | $ - | $ - | $ 10,000 | | $ 2,500 |

**2009**
Statute: 06/30/2016

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 270,069 | - | - | 10,000 | Individual | 2,500 |
| | | | - | - | Individual | - |
| | | | - | - | | - |
| | $ 270,069 | $ - | $ - | $ 10,000 | | $ 2,500 |

**2010**
Statute: 06/30/2017

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 360,387 | - | - | 10,000 | Individual | 2,500 |
| | | | - | - | Individual | - |
| | | | - | - | | - |
| | $ 360,387 | $ - | $ - | $ 10,000 | | $ 2,500 |

| | | | | | TOTAL | $ 10,500 |

Based on the facts and circumstances, the mitigated penalty has been further reduced to the amounts above.

# EXHIBIT B

**Department of the Treasu..**
Internal Revenue Service
**211 W Wisconsin Ave, Mall Stop 1210**
Milwaukee WI 53203-2221

Milo Kentera
1902 University Ave
San Jose, CA 95126-1550

Date:
September 17, 2014
Account Holder SSN / EIN:

Form:
T D F 90-22.1
Tax Period(s) Ended:
2006, 2007, 2008, 2009, 2010

Person to Contact:
Kimberly Nguyen

Contact Telephone Number:
414-231-2770
Contact Fax Number:
414-231-2248
Employee Identification Number:
1000889702
Refer Reply To:
Group 1210 MIL
Last Date to Respond to this Letter:
September 16, 2014

Dear Milo Kentera:

## Why We Are Sending You This Letter

We are proposing a penalty for violating the reporting or record keeping requirements relating to accounts you maintain with financial institutions overseas. Below are paragraphs describing related penalties. We have check-marked the box along side the paragraph(s) describing the penalty that applies to you. Please review this proposed assessment and let us know whether or not you agree by following directions provided toward the end of this letter.

## Proposed Assessment (See the checked box.)

[X] We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the filing requirements of 31 U.S.C. § 5314. For each calendar year, any U.S. person having one or more foreign accounts with maximum balances aggregating over $10,000 is required to file Form TDF 90-22.1, *Report of Foreign Bank and Financial Accounts* with the Internal Revenue Service by June 30th of the following year.

[X] For the failure to file TDF 90-22.1 due on or after June 30, 2005, the penalty cannot exceed $10,000.

[ ] For the willful failure to file TDF 90-22.1 due on or after June 30, 2005, the penalty cannot exceed the greater of 1.) $100,000 or 2.) 50% of the amount of the transaction (in such case as a violation involving a transaction) or the balance in the account (in such case as a violation involving a failure to report the existence of an account or a failure to provide identifying information with respect to an account).

[ ] For the willful failure to file TDF 90-22.1 due on or before June 30, 2004, the penalty cannot exceed the greater of an amount (not to exceed $100,000) equal to the balance in the account or $25,000.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(5) for failing to meet the record keeping requirements under 31 U.S.C. § 5314. For any calendar year, any U.S. person having one or more foreign accounts with maximum balances aggregating over $10,000 is required to keep certain records identifying the foreign financial agencies and their maximum value during the year.

    ☐ For failure to meet the record keeping requirement occurring after October 22, 2004, the penalty cannot exceed $10,000.

    ☐ 1. For willful failure to meet the record keeping requirement occurring after October 22, 2004, the penalty cannot exceed the greater of 1.) $100,000 or 2.) 50% of the amount of the transaction (in such case as a violation involving a transaction) or the balance in the account (in such case as a violation involving a failure to report the existence of an account or a failure to provide identifying information with respect to an account).

    ☐ 2. For willful failure to meet the record keeping requirement occurring before October 23, 2004, the penalty cannot exceed the greater of an amount (not to exceed $100,000) equal to the balance in the account or $25,000.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(A) for negligently failing to meet the filing requirements for financial institutions or non-financial trades or businesses under 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350 (formerly 31 C.F.R. § 103.24). The penalty cannot exceed $500.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(A) for negligently failing to meet the record keeping requirements for financial institutions or non-financial trades or businesses under 31 U.S.C. § 5314 and 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32). The penalty cannot exceed $500.

☐ We are proposing the assessment of a penalty under 31 U.S.C. § 5321(a)(6)(B) for a pattern of negligent violations of any provision of 31 U.S.C. § § 5311-5332 and the regulations thereunder. The penalty will be in addition to any penalties imposed under 31 U.S.C. § 5321 (a)(6)(A) but cannot exceed $50,000.

## What To Do If You Agree

If you agree to the assessment and collection of the proposed penalty or penalties, please sign, date, and return one copy of the enclosed Form 13449, *Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6)*, in the envelope provided. Make your check or money order payable to the United States Treasury for the amount indicated on the agreement form. If you agree but cannot pay in full, pay what you can within 30 days from receipt of this notice and we will send you a bill for the remaining amount with information on your payment options.

## What To Do If You Disagree

If you do not agree to the assessment and collection of the proposed penalty or penalties, you can request a conference with our Appeals Office. To do so, forward a written protest in duplicate before the designated response date, which is listed in the header of this letter, and mail it to the revenue agent indicated above. Include the following:

1. A request for conference;

2. Your name, address, and daytime telephone number;

Letter 3709 (Rev. 3-2011)
Catalog Number 36614Q

3. Your social security number or employer identification number;

4. The date and number of this letter;

5. The calendar years involved;

6. The penalties that you contest;

7. An explanation of why you contest those penalties;

8. All information pertinent to your position;

9. A statement of law or other authority that you relied on, and how that law or other authority applies to your case; and

10. The following signed statement: "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true and complete." A representative who submits a protest should substitute for this declaration a statement that he or she prepared the protest and accompanying documents, and knows personally that the statement of facts contained in the protest and the documents are true and correct.

**What Will Happen If You Do Nothing**
If you do not take any action by the response date noted above, we will assess the penalty and begin collection procedures.

If you have any questions, please contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely yours,

Erik Anderson
Group Manager

Enclosures:
Copy of this letter
Form 13449
Envelope

Letter 3709 (Rev. 3-2011)
Catalog Number 36614Q

Form **13449**
(Rev. March 2011)

Department of the Treasury — Internal Revenue Service

## Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6)

Date received by IRS

Name of Account Holder

Milo Kentera

Social security number *(SSN)* or
Employer Identification number *(EIN)*

▮▮▮▮▮▮▮

Address of Account Holder *(Number, Street, City or Town, State, ZIP code)*

1902 University Ave
San Jose, CA  95126-1550

### Definition of Penalty Statutes

1. **Foreign Financial Agency Transaction Violation—willful** failure to meet recordkeeping requirements and/or report a foreign account on Department of the Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts: 31 USC 5321(a)(5) and 31 CFR sections 1010.350, 1010.420 and 1010.820(g)(2) (formerly 31 CFR 103.24, 103.32 and 103.57(g)(2))

2. **Foreign Financial Agency Transaction Violation—** failure to meet recordkeeping requirements and/or failure to report a foreign account on Department of the Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts: 31 USC 5321(a)(5) and 31 CFR sections 1010.350, 1010.420 and 1010.820(g)(2) (formerly 31 CFR 103.24, 103.32 and 103.57(g)(2))

3. **Negligent Failure to Report:** 31 USC 5321(a)(6) and 31 CFR sections 1010.350 and 1010.820(h) (formerly 103.24 and 103.57(h)).

4. **Negligent Failure to Meet Recordkeeping Requirements:** 31 USC 5321(a)(6) and 31 CFR sections 1010.420 and 1010.820(h) (formerly 103.32 and 103.57(h)).

5. **Pattern of Negligent Activity:** 31 USC section 5321(a)(6)(B).

| Total proposed penalty *(from Page 2 of 2)* | | $ 40,500 |
|---|---|---|
| Signature Authorization | I consent to the immediate assessment and collection of the penalty amount specified above plus any interest and penalty as provided by law. | |
| Your signature | | Date signed |

Representative's signature *(valid only with Power of Attorney attached)* — Date signed

Name of Entity *(for corporations, partnerships, trusts, etc., when EIN specified above)*

| Signature of Authorized Officer | Title | Date signed |
|---|---|---|
| Signature of Authorized Officer | Title | Date signed |
| Name of Examiner<br>Kimberly Nguyen | Employee ID number<br>1000889702 | Office<br>Midwest Exam, Milwaukee Group1210 | Date *(mmddyyyy)*<br>09/17/2014 |
| Name of Supervisor<br>Erik W. Anderson | Employee ID number<br>1000243511 | Office<br>Midwest Exam, Milwaukee Group1210 | Date *(mmddyyyy)*<br>09/17/2014 |

Case 2:16-cv-01020-JPS    Filed 08/03/16    Page 27 of 44    Document 1-31

# Foreign Account Penalty Information

| | | |
|---|---|---|
| | ne of Account Holder<br>Milo Kentera | Account Holder ID *(EIN or SSN)*<br>████████ |

| 1 Calendar year<br><br>2006 | Foreign Bank, Institution, or Agent(s)<br>Banque Cantonale de Geneve | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☒ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ 23,766 | Foreign Account number(s)<br>██████████ | Amount of penalty<br><br>$ 500 |

| 2 Calendar year<br><br>2007 | Foreign Bank, Institution, or Agent(s)<br>Banque Cantonale de Geneve | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☒ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ 654,203 | Foreign Account number(s)<br>██████████ | Amount of penalty<br><br>$ 10,000 |

| 3 Calendar year<br><br>2008 | Foreign Bank, Institution, or Agent(s)<br>Banque Cantonale de Geneve | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☒ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ 263,303 | Foreign Account number(s)<br>██████████ | Amount of penalty<br><br>$ 10,000 |

| 4 Calendar year<br><br>2009 | Foreign Bank, Institution, or Agent(s)<br>Banque Cantonale de Geneve | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☒ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ 270,069 | Foreign Account number(s)<br>██████████ | Amount of penalty<br><br>$ 10,000 |

| 5 Calendar year<br><br>2010 | Foreign Bank, Institution, or Agent(s)<br>Banque Cantonale de Geneve | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☒ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ 360,367 | Foreign Account number(s)<br>██████████ | Amount of penalty<br><br>$ 10,000 |

| 6 Calendar year<br><br> | Foreign Bank, Institution, or Agent(s) | Proposed penalty per "Definition of Penalty Statutes" *(Check applicable box(es).)* |
|---|---|---|
| | | ☐ 1  ☐ 2  ☐ 3  ☐ 4  ☐ 5 |
| Maximum value of account<br>$ | Foreign Account number(s) | Amount of penalty<br><br>$ |

**TOTAL proposed penalty** *(Enter here and on Page 1 of 2.)* ▶ $ 40,500

Case 2:16-cv-01020-JPS    Filed 08/03/16    Page 28 of 44    Document 1

| Taxpayer Name: | Milo Kentera | Examiner: | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

| Tax Period | Previously Assessed | Per Exam | Adjustment | Reference |
|---|---|---|---|---|
| 200612 | | $500 | $500 | |
| 200712 | | $10,000 | $10,000 | |
| 200812 | | $10,000 | $10,000 | |
| 200912 | | $10,000 | $10,000 | |
| 201012 | | $10,000 | $10,000 | |

**Conclusion:** *(Reflects the final determination on the issue.)*

Based on the facts and arguments documented below, IRS Counsel determined that non-willful FBAR penalties under 31 U.S.C. §5321 (a)(5)(A) & (B) would be assessed against Mr. Milo Kentera for the years 2006 through 2010, $500 for 2006, $10,000 for 2007, $10,000 for 2008, $10,000 for 2009, and $10,000 for 2010, Total $40,500. Level 2 and 3 Mitigation rules were applied.

**Facts:** *(Document the relevant facts.)*

1. An interview was conducted on February 5, 2014 with Mr. Milo Kentera and his Representative, Mr. Anthony Diosdi.

2. Mr. Milo Kentera was born in Globe, Arizona in 1936, a U.S. citizen. Mr. Kentera graduated with Bachelor of Science in Pharmacy in 1960 at University of Arizona. Mr. Kentera is a pharmacist, currently works part time for Safeway Pharmacy.

3. Mrs. Lois Kentera was born in Miami, Arizona in 1936, a U.S. citizen. Mrs. Kentera is a homemaker.

4. Mr. Kentera has ownership in an account at BCGE (Banque Cantonale de Geneve). The account was inherited from Mr. Kentera's father. The ownership of the account transferred to Mr. Kentera in the 1990s when his parents deceased.

5. The balance in the account in 2003 and 2004 were below $10,000, therefore Mr. Kentera did not have a FBAR filing requirement in those years. In 2007, the balance increased due to sale of property in Montenegro. Mr. Kenter's parents had property in Montenegro and his cousin sold the property in 2007. Twelve family members involved in the sale of the property and each received a portion of the sale proceeds. Mr. Kentera deposited $628,648 and disbursed $185,768 to his sister and $185,768 to his brother within days in 2007. Mr. Kentera received statements on a yearly basis, and held mining stocks for a long period of time.

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 29 of 44   Document 1

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet;

6. The year end balances in the accounts above each year converted to U.S. dollars are as follows:

| Year | Balance |
|------|---------|
| 2003 | $7,034 |
| 2004 | $9,460 |
| 2005 | $10,926 |
| 2006 | $23,766 |
| 2007 | $274,590 |
| 2008 | $263,303 |
| 2009 | $270,069 |
| 2010 | $360,367 |

The bank statements provided are year-end statements which included Summary and Performance Analysis pages to determine deposits, withdrawals, net income, and changes in valuations. Account History Statements were not provided to determine the Highest Aggregate Balance.

7. Taxpayer had adjustments to taxable income during 2006 through 2010 as follows:

| Item/Issue | 2006 | 2007 | 2008 | 2009 | 2010 |
|-----------|------|------|------|------|------|
| Interest Income | $0 | $0 | $20 | $389 | $0 |
| Section 988-Gain on Currency Exchange | $0 | $0 | $12,727 | $0 | $0 |

A recap of income tax liability for each year is as follows:

| Year | Additional Tax Per RAR |
|------|------------------------|
| 2006 | $0 |
| 2007 | $0 |
| 2008 | $2,825 |
| 2009 | $60 |
| 2010 | $96 |

8. For the years 2006 and 2007, no income was earned on the account. In 2010, the income was reported on the originally filed return. The tax in 2010 of $96 is due to reversal of foreign tax credit claimed on their originally filed return due to Tax Treaty with Switzerland.

9. Mr. James Babcock, CPA has prepared the original Income Tax Returns for tax years 2003 through 2006 and is reflected on Schedule B that the Taxpayers had foreign accounts in Switzerland/Austria. The box was checked "Yes" with respect to the question on 7a Part III --

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 30 of 44   Document 1

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

Foreign Accounts and Trusts. Mr. Kentera had filled out an organizer and indicated that he had ownership in a foreign account. No income was earned from the BCGE account to be reported on the 2003 through 2006 tax returns. The Form TD F90-22.1 was not part of the income tax software back then, so Taxpayer would have been responsible for filing the TD F90-22.1 themselves.

10. Mr. Bruce R Spencer, CPA has prepared the original Income Tax Returns for tax years 2007 through 2009 and he reflected on Schedule B that the Taxpayers had foreign accounts in Switzerland. The box was checked "Yes" with respect to the question on 7a Part III – Foreign Accounts and Trusts. Per phone contact with Mr. Spencer on March 6, 2014, Mr. Spencer knew about the foreign account in Switzerland from the previous filed returns. As a new client in 2007, Mr. Spencer requests copies of previous filed returns. Mr. Bruce Spencer is well aware of FBAR filings and has filed FBARs for his other clients. Mr. Spencer informs all his clients verbally every year about their FBAR filing requirements, "whether you have one dollar or 10 million dollars in a foreign account". His standard procedure is to inform his clients that if you have a foreign account or have signature authority on a foreign account that you need to file FBARs. Mr. Spencer advises his clients that he can file FBARs for them or you can do that yourself. Mr. Spencer did not file FBARs for Mr. Kentera. Mr. Spencer believed that the account was under $10,000 and that Mr. Kentera didn't have to file. No bank statements were provided to Mr. Spencer to verify if the accounts were under $10,000. The preparer did not inquire as to whether there was any income to be reported on the original tax returns.

11. Mr. Kentera heard about the OVDI program on the radio, where his representative Moskowitz LLP advertised if you have a foreign bank account and not disclosed on the U.S. tax returns; IRS is offering a voluntary disclosure program. Mr. Kentera did not know if he was obligated or not so, he made an appointment with Moskowitz LLP and Moskowitz LLP suggested making the voluntary disclosure. Offshore Voluntary Disclosure submission on August 15, 2011.

12. The 2011 Form TD F90-22.1 was timely filed on 06/25/2012 and 2012 Form TD F90-22.1 was timely filed on 06/11/2013.

13. As appropriate with the requirement of cooperation in the Offshore Voluntary Disclosure Program, the taxpayer has signed a Consent to extend the time to assess civil penalties provided by 31 U.S.C. §5321 for FBAR violations, to include the calendar years 2006, 2007, and 2008 for a financial account that was maintained with a financial institution located in a foreign country, on or before December 31, 2015.

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

**Law:** *(Tax Law, Regulations, court cases, and other authorities. If Unagreed, Include Argument.)*
31 U.S.C. §§ 5314; 5321(a)(5)(A) & (B); 5321(a)(5)(C) & (D); 5321(a)(6); 5321(b)(1)

Specific citations:

**31 U.S.C. § 5314 (a)**– Requires that certain U.S. entities must file FBARs, as follows:

*... the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in the United States, to keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:*

*(1) the identity and address of participants in a transaction or relationship*

*(2) the legal capacity in which a participant is acting*

*(3) the identity of real parties in interest.*

*(4) a description of the transaction.*

## Argument:

Based on the facts outlined above, the Government believes non-willful penalties apply for 2006 through 2010.

A U.S. person that has financial interest in, or signature authority over, foreign financial accounts in which the aggregate value exceeds $10,000 at any time during the calendar year is required to file an FBAR by June 30 the year following the calendar year being reported (31 CFR 1010.350). Mr. Milo Kentera is a U.S. citizen. Mr. Kentera has financial interest in a foreign account located in Switzerland during 2006 through 2010. And the aggregate value of the accounts exceeded $10,000 in each of the years 2006 through 2010. Thus, Mr. Kentera has FBAR filing requirements in 2006 through 2010. Mr. Kentera did not file FBARs for 2006 through 2010. The maximum non-willful FBAR penalty that may be assessed is $50,000 for 2006 through 2010.

Below is the Taxpayer and representative's argument for reasonable cause in response to Letter 4564, which asks Taxpayer for recommendation of the penalties that should apply:
Milo Kentera was not aware of this requirement to report his foreign account. Had Milo Kentera been aware of his filing requirements, he would have immediately reported the foreign account to the Department of Treasury. As soon as Milo Kentera became aware of his legal duty to report his foreign account, Milo Kentera enrolled in the voluntary disclosure program and fully cooperated with the Service in determining the tax liabilities associated with the foreign account. Milo Kentera did not hold the required "willful" state of mind necessary to be convicted of willfully failing to file an FBAR return for any year.

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

Taxpayers retained the services of a tax return preparer who failed to advise them of the reporting requirements regarding foreign financial accounts. Since the taxpayers retained the services of a professional tax return preparer and the tax return preparer failed to properly advise them, the taxpayers acted reasonably. Thus, the IRS should not assess against the taxpayers penalties under the non-willful FBAR penalty structure.

Given the facts and circumstances, reasonable cause would not be appropriate since Mr. Milo Kentera did not act in good faith in regards to his FBAR filing obligations as follows:

- **Mr. Kentera was aware of his requirement to report his foreign account.** Mr. Bruce Spencer, his CPA for 2007 through 2009, informed him of his requirement to file FBARs. Mr. Spencer advised him that he can file the TD F90-22.1 form for Mr. Kentera. If Mr. Kentera had provided the bank statements to Mr. Spencer, Mr. Spencer would have gladly filed for him.
- **Mr. Kentera did not even mention Mr. Bruce Spencer was his tax preparer for 2007 through 2009.** Mr. Kentera only remembered Mr. Babcock was his tax preparer and stated each year I told Mr. Babcock about the foreign account. Mr. Kentera couldn't recall if Mr. Babcock had asked for bank statements or the dollar amount of the foreign account. Mr. Kentera switched CPAs in 2007 due to Mr. Babcock's position on something that Mr. Kentera didn't like.

- **Mr. Kentera is a pharmacist.** During the interview with Mr. Kentera, a lot of the questions, he couldn't recall or remember. He listed on the Offshore Voluntary disclosure, a PRVI Bank in 2010 and couldn't recall why that was on the OVDI submission. Mr. Kentera couldn't recall if Mr. Babcock has asked any further questions when he told him of the foreign account. The deposit on the sale of property in Montenegro, he deposited the funds and disbursed amounts to his brother and sister only, not to 12 people.

- **Mr. Kentera failed to inform his tax preparer regarding the balances of the accounts he had in Switzerland or seek advice to determine if the earnings are taxable for U.S. purposes.** Mr. Kentera did not provide bank statements to his tax preparer for him to make a determination if there is a FBAR filing requirement and to determine if the earnings on the statements are a reportable transaction for U.S. tax purposes. Mr. Kentera received 1099s to report his domestic interest income but did not ask his tax preparer to determine if the interest income earned on his Switzerland accounts are also to be reported for U.S. tax purposes.

- **Mr. Kentera failed to properly review his returns to verify the existence of any foreign accounts as questioned on Schedule B – Interest and Ordinary Dividends and to follow through on the instructions on filing requirements for Form TD F90-22.1.** On tax years, 2006 through 2009, Mr. Kentera filed a Schedule B with the original Form 1040. At the bottom of Schedule B Part III, Question 7a asks "At any time during xxxx year, did you have an interest in or a signature authority over a financial account in a foreign country." The box

| Taxpayer Name: | Mik. entera | Examin | Kimberly Nguyen |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | TD F90-22.1 | Date: | 2/27/2014 |
| Tax Year (s): | 2006, 2007, 2008, 2009, 2010 | | |

## FBAR Penalties; Post 10/22/04; SB/SE Examiners Lead Sheet:

was checked "Yes" with respect to question 7a, interest in foreign accounts. It also states "See page B-2 for exceptions and filing requirements for Form TD F90-22.1." Mr. Kentera did not due his due diligence to review and determine what those filing requirements are for filing Form TD F90-22.1.

- Mr. Kentera used an accountant to file 2003-2010 US Income Tax Returns. Mr. Kentera signed the 2003 – 2010 federal tax returns, thereby declaring under penalty of perjury that he had "examined these returns and accompanying schedules and statements" and that to the best of his knowledge, the returns were "true, accurate, and complete." "A taxpayer who signs a tax return will not be heard to claim innocence for not having actually read the return, as he or she is charged with constructive knowledge of its contents," Greer v. Commissioner of Internal Revenue, 595 F.3d 338, 347 n. 4 (6th Cir. 2010); United States v. Doherty, 233 F.3d 1275, 1282 n.10 (11th Cir. 2000) (same). Mr. Kentera's signature is prima facie evidence that he knew the contents of the return, United States v. Mohney, 949 F.2d 1397, 1407 (6th Cir. 1991), and at a minimum, Schedule B, line 7a's directions to "[see instructions for exceptions and filing requirements for Form TD F 90-22.1" put Mr. Kentera on inquiry notice of the FBAR Requirement.

In computing the non-willful penalties, the Revenue Agent allowed a penalty at less than the statutory penalty amount stated in 31 CFR 5321(a)(5)(B)(i) for the 2006 year because the taxpayer meets the mitigation threshold conditions. The computation is attached.

**Taxpayer Position: (if applicable)**

Case 2:16-cv-01020-JPS    Filed 08/03/16    Page 34 of 44    Document 1

Non-Willful and Reasonable Cause Penalty Calculation - Mitigation
Taxpayer Name:    McMili Kentaral

**2006**
Statute 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 23,766 | 500 | | | Individual | 500 |
| | | - | | - | Individual | - |
| | $ 23,766 | $ 500 | $ - | $ - | | $ 500 |

**2007**
Statute 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 654,203 | - | | 10,000 | Individual | 10,000 |
| | | | | - | Individual | - |
| | $ 654,203 | $ - | $ - | $ 10,000 | | $ 10,000 |

**2008**
Statute 12/31/2015

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 283,303 | - | - | 10,000 | Individual | 10,000 |
| 11 | | - | | - | Individual | - |
| 12 | | - | | - | | - |
| | $ 283,303 | $ - | $ - | $ 10,000 | | $ 10,000 |

**2009**
Statute 06/30/2016

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 270,069 | - | | 10,000 | Individual | 10,000 |
| 12 | | - | | - | Individual | - |
| | $ 270,069 | $ - | $ - | $ 10,000 | | $ 10,000 |

**2010**
Statute 06/30/2017

| | Account Balance | Level 1 | Level 2 | Level 3 | Account Type | Total Penalty |
|---|---|---|---|---|---|---|
| BCGE | 360,367 | - | - | 10,000 | Individual | 10,000 |
| | | - | | - | Individual | - |
| | $ 360,367 | $ - | $ - | $ 10,000 | | $ 10,000 |

| | | | | | TOTAL | $ 40,500 |

# EXHIBIT C



Department of the Treasury
Internal Revenue Service

IRS

Lois Kentera
1902 University Ave
San Jose, CA 95126-1550

Date:
April 29, 2015
Taxpayer ID number:

Form:
TD F 90-22.1
Calendar year(s):
2006, 2007, 2008, 2009, 2010

Person to contact:
E. Garnett
Contact telephone number:
313-234-1284
Employee ID number:
541208

Dear Ms. Kentera;

**Why we are sending you this letter**
This letter is to demand payment of the Report of Foreign Bank and Financial Accounts (FBAR) penalty
assessed to you 04/29/2015, under section 5321(a)(5) or 5321(a)(6) of Title 31 of the U.S. Code. You
previously received Letter 3709 explaining the reasons you owe this amount and how the penalty assessment
applies to the facts and circumstances of your case.

**Account summary**

| Calendar Year(s): | Current Balance: |
|---|---|
| 12/31/2006 | 500.00 |
| 12/31/2007 | 2,500.00 |
| 12/31/2008 | 2,500.00 |
| 12/31/2009 | 2,500.00 |
| 12/31/2010 | 2,500.00 |
| Total: | 10,500.00 |

**Payment instructions**
Within 30 days after the date of this letter, send a check or money order payable to the United States Treasury
for the amount designated above. Include the following information on your check:

1.) FBAR (Report of Foreign Bank and Financial Accounts),
2.) Calendar year, and
3.) Social security number or employee identification number. Mail your payment to the following
   address:

Internal Revenue Service
Detroit Computing Center
P. O. BOX 33115
Detroit, MI 48232-0115

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 37 of 44   Document 1

If you can't pay the amount in full within 30 days from the date of this letter, send what you can pay. If you want to apply for an installment agreement to make monthly payments on the amount due, let us know in writing with your payment. We will forward your request to pay in installments to the Department of Treasury's Financial Management Service for processing. If you pay in installments, you will be charged interest at the rate of 1 % per year and an additional debt servicing fee of approximately 18% of the penalty amount.

## Interest and penalties

If you don't pay the amount owed in full within 30 days from the date of this letter, you will incur interest charges and a late payment penalty.

In accordance with 31 U.S.C. § 3717(a)-(d), interest will accrue at the rate of 1 % per year. Interest will begin to be charged as of the date of this letter if payment isn't received within 30 days. No interest will be charged if payment is received within 30 days from the date of this letter.

In accordance with 31 U.S.C. § 3717(e)(2), a late payment penalty charge of 6% each year will be assessed on any portion of the penalty that remains unpaid 90 days from the date of this letter.

Interest and penalties will be charged unless excused in accordance with 31 C.F.R. § 5.5.

## Collection costs

In accordance with 31 U.S.C. § 3717(e)(1), if you don't pay the penalty in full within 30 days after the date of this letter, you may also be liable for additional costs associated with processing and handling a delinquent debt. See the section below on "Collection enforcement action" for more information about these additional costs.

## Collection enforcement action

If you fail to remit payment within 30 days after the date of this letter, any of the following actions may be taken to enforce collection, which may result in additional costs to you:

- Referral to the Department of Justice to initiate litigation against you.
- Referral to the Department of the Treasury's Financial Management Service. (This referral involves an additional debt-servicing fee that is approximately 18% of the balance due.)
- Referral to private collection agencies. (Referral to a private collection agency increases the additional debt-servicing fee from approximately 18% to 28% of the balance due.)
- Offset of federal payments such as income tax refunds and certain benefit payments such as social security.
- Administrative wage garnishment.
- Revocation or suspension of federal licenses, permits or privileges.
- Ineligibility for federal loans, loan insurance or guarantees.

## Contesting the penalty assessment

If you didn't request an administrative review of the penalty proposed in Letter 3709, or if new situations have occurred since your administrative review, you may still request a hearing in our Appeals Office. The hearing must be requested in writing, within 30 days from the date of this letter, by following the requirements provided in Letter 3709.

Case 2:16-cv-01020-JPS   Filed 08/03/16   Page 38 of 44   Document 1

Mail your request to the following address:

> Internal Revenue Service
> Detroit Computing Center
> P. O. BOX 33113
> Detroit, MI 48232-0113

At the hearing, you may present any evidence to show you don't owe the debt, that the debt isn't delinquent, or that it isn't legally enforceable.

Besides this administrative review, if you want to try to recover FBAR penalties previously paid, you may be able to sue in the United States District Court or the United States Court of Federal Claims. For more information about filing suit in federal court, contact the clerk of your U.S. District Court or the U.S. Court of Federal Claims.

If you have questions, you can contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
Envelope
Copy of this Notice

Letter 3708 (Rev. 5-2013)
Catalog Number 36613F

# EXHIBIT D



**Department of the Treasury
Internal Revenue Service**

IRS Appeals Determination

Date:
April 22, 2016
Taxpayer ID number:
▮▮▮▮▮▮▮

Form:
TD F 90-22.1
Calendar year(s):
2006, 2007, 2008, 2009, 2010

Person to contact:
N. Beasley
Contact telephone number:
313/234-1611
Employee ID number:
258949

Milo Kentera
1902 University Ave.
San Jose, CA 95126-1550

Dear Milo Kentera;

**Why we are sending you this letter**

This letter is to demand payment of the Report of Foreign Bank and Financial Accounts (FBAR) penalty assessed to you 04/22/2016, under section 5321(a)(5) or 5321(a)(6) of Title 31 of the U.S. Code. You previously received Letter 3709 explaining the reasons you owe this amount and how the penalty assessment applies to the facts and circumstances of your case.

**Account summary**

| Calendar Year(s): | Current Balance: |
|---|---|
| 12/31/2006 | 500.00 |
| 12/31/2007 | 10,000.00 |
| 12/31/2008 | 10,000.00 |
| 12/31/2009 | 10,000.00 |
| 12/31/2010 | 10,000.00 |
| Total: | 40,500.00 |

**Payment instructions**

Within 30 days after the date of this letter, send a check or money order payable to the United States Treasury for the amount designated above. Include the following information on your check:

1.) FBAR (Report of Foreign Bank and Financial Accounts),
2.) Calendar year, and
3.) Social security number or employee identification number. Mail your payment to the following address:

Internal Revenue Service
Detroit Computing Center
P. O. BOX 33115
Detroit, MI 48232-0115

Letter 3708 (Rev. 5-2013)
Catalog Number 36613E

If you can't pay the amount in full within 30 days from the date of this letter, send what you can pay. If you want to apply for an installment agreement to make monthly payments on the amount due, let us know in writing with your payment. We will forward your request to pay in installments to the Department of Treasury's Financial Management Service for processing. If you pay in installments, you will be charged interest at the rate of 1 % per year and an additional debt servicing fee of approximately 18% of the penalty amount.

**Interest and penalties**
If you don't pay the amount owed in full within 30 days from the date of this letter, you will incur interest charges and a late payment penalty.

In accordance with 31 U.S.C. § 3717(a)-(d), interest will accrue at the rate of 1 % per year. Interest will begin to be charged as of the date of this letter if payment isn't received within 30 days. No interest will be charged if payment is received within 30 days from the date of this letter.

In accordance with 31 U.S.C. § 3717(e)(2), a late payment penalty charge of 6% each year will be assessed on any portion of the penalty that remains unpaid 90 days from the date of this letter.

Interest and penalties will be charged unless excused in accordance with 31 C.F.R. § 5.5.

**Collection costs**
In accordance with 31 U.S.C. § 3717(e)(1), if you don't pay the penalty in full within 30 days after the date of this letter, you may also be liable for additional costs associated with processing and handling a delinquent debt. See the section below on "Collection enforcement action" for more information about these additional costs.

**Collection enforcement action**
If you fail to remit payment within 30 days after the date of this letter, any of the following actions may be taken to enforce collection, which may result in additional costs to you:

- Referral to the Department of Justice to initiate litigation against you.
- Referral to the Department of the Treasury's Financial Management Service. (This referral involves an additional debt-servicing fee that is approximately 18% of the balance due.)
- Referral to private collection agencies. (Referral to a private collection agency increases the additional debt-servicing fee from approximately 18% to 28% of the balance due.)
- Offset of federal payments such as income tax refunds and certain benefit payments such as social security.
- Administrative wage garnishment.
- Revocation or suspension of federal licenses, permits or privileges.
- Ineligibility for federal loans, loan insurance or guarantees.

**Contesting the penalty assessment**
If you didn't request an administrative review of the penalty proposed in Letter 3709, or if new situations have occurred since your administrative review, you may still request a hearing in our Appeals Office. The hearing must be requested in writing, within 30 days from the date of this letter, by following the requirements provided in Letter 3709.

Letter 3708 (Rev. 5-2013)
Catalog Number 36613F

Mail your request to the following address:

>Internal Revenue Service
>Detroit Computing Center
>P. O. BOX 33113
>Detroit, MI 48232-0113

At the hearing, you may present any evidence to show you don't owe the debt, that the debt isn't delinquent, or that it isn't legally enforceable.

Besides this administrative review, if you want to try to recover FBAR penalties previously paid, you may be able to sue in the United States District Court or the United States Court of Federal Claims. For more information about filing suit in federal court, contact the clerk of your U.S. District Court or the U.S. Court of Federal Claims.

If you have questions, you can contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
Envelope
Copy of this Notice

Letter 3708 (Rev. 5-2013)
Catalog Number 36613F

**Internal Revenue Service**
*CTR Operations Department Manage*

**Department of the Treasury**

Date: April 22, 2016

Anthony Diosdi
Moskowitz LLP
San Francisco, CA 94104

Person to Contact:
Nancy Beasley

Contact Identification Number
258948

Contact Telephone Number:
(313) 234-1611

Hours:
7:00 am - 3:30 pm est.

Dear Anthony Diosdi

We are sending you the enclosed material under the provisions of a power of attorney or other authorization you have on file with us. For your convenience, we have listed below the name(s) of the taxpayer(s) to whom this material relates.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
☒ Letter
☐ Reports
☐

Taxpayer(s) Name(s): Milo Kentera

Letter 937 (SC) (Rev. 11-1992)
Cat. No. 40384Z