UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MILO and LOIS KENTERA,

    Plaintiffs,

v.    Case No. 2:16-cv-01020-JPS

UNITED STATES OF AMERICA,

    Defendant.

## BRIEF IN SUPPORT OF
## UNITED STATES' MOTION TO DISMISS

The defendant, United States of America, submits this brief in support of its motion to dismiss this action. As explained below, the plaintiffs have failed to state a claim upon which relief can be granted because the United States has not waived its sovereign immunity. Furthermore, venue is not proper in this judicial district because the activities that gave rise to the action occurred in the Northern District of California.

FACTS

As the complaint acknowledges, the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311, *et seq.*, and its implementing regulations, requires residents and citizens of the United States to keep records and file reports when the person maintains a foreign financial account. 31 U.S.C. § 5314. One such report that was required to be filed with the Internal Revenue Service during the periods at issue by foreign account holders was a Form TD F 90.22.1, Report of Financial Bank and Financial Accounts ("FBAR"). A person who fails to file a required FBAR may be assessed a civil monetary penalty under 31 U.S.C. § 5321(a)(5). The Kenteras maintained a foreign

financial account during the years 2006-2010 but failed to timely file an FBAR for those periods. Accordingly, IRS assessed civil penalties under 31 U.S.C. § 5321 against Milo Kentera ($40,500) and Lois Kentera ($10,500) based on its determination that the Kenteras failed to file an FBAR for each of those years and that the failure to file was non-willful. The Kenteras reside in San Jose, California, and lived there during the periods at issue in this suit.

The complaint seeks judicial review of the IRS's actions in making the assessments pursuant to the Administrative Procedures Act (5 U.S.C. §§ 701-706, "APA"), and a declaratory judgment holding that the assessments are null and void. The complaint alleges jurisdiction under the following statutes: (i) 28 U.S.C. § 1331 (federal question statute), (ii) 5 U.S.C. § 704 (APA), and (iii) 28 U.S.C. §§ 2201-2201 (Declaratory Judgment Act).

## DISCUSSION

### *The United States has not Waived its Sovereign Immunity in this Action*

As stated by the Seventh Circuit—

> "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Although the government clearly may waive its sovereign immunity, any such waiver cannot be implied but must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). In addition, the government has the power to attach conditions to its consent to be sued. *United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

*Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir. 1994). Also, a statute may generally confer jurisdiction without waiving sovereign immunity. *See Sherwood*, 312 U.S. at 587-88. Waivers of sovereign immunity are narrowly construed. *Bowers v. United States*, 498 Fed. Appx. 623, 626 (7th Cir. 2012). When suing the United States, a plaintiff "bears the burden of demonstrating an unequivocal waiver of immunity." *Graham v. Fed. Emergency Mgmt. Agency,*

2

149 F.3d 997, 1005 (9th Cir. 1998) (quoting *Mitchell v. United States,* 787 F.2d 466, 467 (9th Cir.1986)). Therefore, unless the United States has clearly waived its sovereign immunity in this action, there is no relief the Court can give the Kenteras.[1]

"[W]hat sovereign immunity means is that relief against the United States depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief." *United States v. Cook*, 167 F.3d 381, 389 (7th Cir. 1999). The Kenteras have cited no statute that waives sovereign immunity in this case. They cite three jurisdictional statutes -- 28 U.S.C. § 1331, 5 U.S.C. § 704, and 28 U.S.C. §§ 2201-2201 -- but these statutes do not constitute the requisite waivers.

*(I) 28 U.S.C. § 1331 (Federal Question Statute)*

The complaint alleges jurisdiction under 28 U.S.C. § 1331, which states that "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." That statute may create jurisdiction but it does not waive the United States' sovereign immunity. *Arvanis v. Noslo Eng'g Consultants, Inc.,* 739 F.2d 1287, 1290 (7th Cir. 1984); *see also, e.g., Western Shoshone Nat'l Council v. United States*, 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005) (citing *Pit River Home and Agr. Co-op Ass'n v. United States,* 30 F.3d 1088, 1098 n.5 (9th Cir. 1994)). Section 1331 "merely gives the district court jurisdiction to hear federal cases that are not otherwise barred." *Arvanis*, 739 F.2d at 1290. The plaintiffs cannot rely on § 1331 as consent by the United States to be sued or brought into this Court.

---

[1] The Seventh Circuit views sovereign immunity as a defense to a claim and not as a matter of jurisdiction. *Gray v. United States,* 723 F.3d 795, 798 (7th Cir. 2013); *Bowers*, 498 Fed. Appx. at 626.

*(II) 5 U.S.C. § 704 (Administrative Procedures Act)*

The Kenteras allege the APA as a basis for proceeding with this suit. While § 702 of the APA indeed waives sovereign immunity, the waiver is limited in scope by § 704.[2] Section 704 limits judicial review under the APA to either review specifically authorized by a substantive statute, or "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Suburban Mortgage Assocs. v. United States*, 480 F.3d 1116, 1122 (Fed. Cir. 2007). The assessments made by the IRS against the Kenteras that are at issue in this case were made pursuant to the Bank Secrecy Act, specifically 31 U.S.C. § 5321. However, nothing in the Bank Secrecy Act (31 U.S.C. § 5311, *et seq.*) specifically provides for judicial review of FBAR penalty assessments.

The second requirement of 5 U.S.C. § 704 is also not met because the Kenteras have other adequate remedies to contest the penalty assessments. They, for instance, can pay all or a portion of the penalties for each year the penalty has been assessed and file a refund suit in federal court under 28 U.S.C. §§ 1346(a)(2) or 1491. This constitutes an alternative adequate remedy, which would foreclose judicial review under the APA. *See, e.g., Rimmer v. Holder*, 700 F.3d 246 (6th Cir. 2012) (holding FOIA provision for judicial review is adequate remedy foreclosing APA review); *Central Platte Natural Res. Dist. v. USDA,* 643 F.3d 1142 (8th Cir. 2011) (same); *Suburban Mortgage*, 480 F.3d at 1124-26 (option of refund suit bars action under APA); *Town of Sanford v. United States*, 140 F.3d 20 (1st Cir. 1998) (motion to reopen forfeiture

---

[2] Section 702 provides, in part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C. § 702.

decree is an adequate remedy foreclosing review under APA); *United States v. 662 Boxes of Ephedrine*, 590 F. Supp.2d 703 (D.N.J. 2008) (federal forfeiture statutes allowing for claims of innocent ownership provides adequate remedy); *Perry v. Wright*, case no. 12-cv-0721, 2013 WL 950921 (S.D.N.Y. March 8, 2013) (recourse to Tax Court on a tax dispute adequate alternative remedy to APA).

A refund suit would allow the Kenteras to fully present their reasonable cause defense and otherwise litigate their liability for the penalties. The Kenteras therefore have another adequate court remedy. In addition, if the Kenteras decline to pay and file suit for refund, the United States could commence its own suit to reduce the assessments to judgment and collect the penalties pursuant to 31 U.S.C. § 5321(b)(2). *See, e.g., United States v. Williams*, 489 Fed. Appx. 655 (4th Cir. 2012); *Norman v. United States*, 126 Fed. Cl. 277 (2016); *United States v. McBride*, 908 F. Supp. 2d 1186 (D. Utah 2012); *U.S. Dept. of Treasury v. Haider*, case no. 15-1518, 2016 WL 107940 (D. Minn. Jan. 8, 2016); *Moore v. United States*, no. C13-2063, 2015 WL 1510007 (W.D. Wash. Apr. 1, 2015), *dismissed by Moore v. United States*, 2015 WL 4508688 (W.D. Wash. July 24, 2015). Accordingly, the APA offers them no relief in this instance and there is no waiver of sovereign immunity.

(III) 28 U.S.C. §§ 2201-2201 (Declaratory Judgment Act)

The Kenteras lastly rely on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2201, as a basis for jurisdiction. However, the Declaratory Judgment Act ("DJA") does not waive sovereign immunity. *Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir. 1996) ("[] Progressive wrongly relies on the [DJA] to constitute a waiver of sovereign immunity because the Act 'neither provides nor denies a jurisdictional basis for actions under federal law, but merely defines the scope of availability declaratory relief.'"). The

passage of the DJA did not give the United States' consent to be sued, *Balistrieri v. United States*, 303 F.2d 67, 619 (7th Cir. 1962), it "merely grants an additional remedy in cases where jurisdiction already exists in the court." *Brownell v. Ketcham Wire & Mfg. Co.,* 211 F.2d 121, 128 (9th Cir.1954).

The Kenteras have pointed to no unequivocal waiver of sovereign immunity in this action.

### *Venue is Not Proper in this Court*

Venue is not proper in the Eastern District of Wisconsin. The activities that gave rise to the cause of action – the Kenteras' failure to timely file FBARs – took place in San Jose, California. The Kenteras reside in California. If jurisdiction were proper (or, if sovereign immunity were waived), the proper judicial district for this action would be the Northern District of California. 28 U.S.C. §§ 1391(b)(1) and (c)(1), 1395(a), and 1402(a)(1).

### CONCLUSION

The United States has not waived its sovereign immunity and the plaintiffs have not alleged that it has. Therefore, the complaint fails to state a claim upon which relief can be granted. The case should be dismissed.

    Respectfully submitted,

    GREGORY J. HAANSTAD
    United States Attorney

    */s/ Martin M. Shoemaker*
    MARTIN M. SHOEMAKER
    U.S. Dept. of Justice, Tax Division
    P.O. Box 7238
    Washington, DC 20044
    202-514-6491 (phone)
    202-514-6770 (fax)
    Martin.m.shoemaker@usdoj.gov